e Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 863 | DATE | 9/17/2004 |
| CASE TITLE | Johnson v. Chandler | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Gregory Johnson's § 2254 Petition

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Gregory Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Case terminated. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | SEP 21 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| X | Docketing to mail notices. | | | | 15 |
| X | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 21 2004

United States of America *ex rel.* )
GREGORY JOHNSON, )
 )   No. 02 C 863
 Petitioner, )
 )
 v. )   Honorable Charles R. Norgle
 )
NEDRA CHANDLER, Warden, Dixon )
Correctional Center[1] )
 )
 Respondent. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Gregory Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, Gregory Johnson ("Johnson"), challenges his conviction for aggravated battery of a child, in violation of 720 Ill. Comp. Stat. 5/12-4.3 (West 1997). For the reasons stated below, the petition is denied.

**I. BACKGROUND[2]**

The State of Illinois charged Johnson by a five count information with attempted first degree murder, two counts of aggravated battery of a child, and two counts of aggravated battery for injuries

---

[1] In his petition, Johnson named Gary Knop, Warden, Pinckneyville Correctional Center, as respondent. Johnson was transferred to the Dixon Correctional Center on September 25, 2002. Nedra Chandler is the Warden of that facility and therefore is the proper respondent in this petition. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 2 (requiring that the state officer who has custody of the petitioner be named as the respondent in habeas corpus actions brought pursuant to 28 U.S.C. § 2254).

[2] On habeas review, the court must presume that the state courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sumner v. Mata, 449 U.S. 539, 544-46 (1981); Todd v. Schomig, 283 F.3d 842, 846 (7th Cir. 2002). Johnson has not presented clear and convincing evidence to rebut this presumption. Therefore, the court adopts the stipulation of facts to which Johnson pled guilty, as received by the Circuit Court of Cook County, and the Illinois Appellate Court's recitation of facts. See Resp.'s Answer, Exs. C, F.

15

inflicted upon his infant son, Terrell Johnson. In the Circuit Court of Cook County, Johnson entered a blind plea of guilty to one count of aggravated battery of a child. During the plea colloquy, the trial court informed Johnson that a hearing would be held concerning aggravation and mitigation, and the sentence would be determined based on that hearing. After an extensive plea colloquy, at which time the trial court informed Johnson of his rights, the State recited the facts that it would prove if the case proceeded to trial.

The facts provided that Johnson's infant son, Terrell Johnson, was the victim of child abuse. The facts indicated at least two instances of child abuse. The first instance of child abuse occurred on May 24, 1997, when Terrell was admitted to Cook County Hospital and diagnosed with an orbital fracture of the tibia. Based on the manner of injury, medical personnel at Cook County Hospital believed Johnson's explanation of Terrell's injuries to be unworthy of credence and indicative of child abuse. Medical personnel reported the matter and took Terrell into protective custody. Following a custody hearing in the State court, Johnson was allowed to have only supervised visits with Terrell while in the supervision of the infant's mother. The second instance of child abuse occurred on June 27, 1997. Contrary to the custody ruling of the State Court, Terrell's mother left the infant in the sole custody of Johnson. While Terrell was in Johnson's unlawful custody, Terrell was again admitted to Cook County Hospital. Terrell arrived at the hospital in a comatose state. Terrell suffered a depressed skull fracture, frontal lobe bleeding, and swelling of brain tissue. Medical personnel questioned Johnson as to the source of Terrell's injuries. Johnson provided a few versions of the cause, but then admitted to having given the infant a forceful karate chop to the back of the head because he was frustrated by the infant's crying. Medical personnel subsequently summoned the Chicago Police Department, and after their arrival, Johnson gave a written admission.

Johnson stipulated to the facts as recited by the State. Johnson pled guilty to one count of aggravated battery of a child, and the State dismissed the remaining counts. The trial court continued the matter for the aggravation and mitigation hearing.

At the aggravation and mitigation hearing, the State called medical personnel from Cook County Hospital. The medical personnel testified that Johnson explained that Terrell's first injury, the orbital fracture of the tibia, was caused when the infant fell from his shoulders. The medical personnel testified that Johnson's explanation was not plausible based on the manner of the infant's injury; rather, the injury was indicative of child abuse and it was recommended that the infant be taken into protective custody. Additionally, the medical personnel testified that Terrell's second injury, the head trauma, was similarly indicative of child abuse because a great amount of force would have to be applied in order to caused the depressed skull fracture that Terrell suffered. The testimony indicated that Terrell was comatose upon arrival and had to be placed on a respirator. A CAT scan was performed, which revealed that the infant suffered massive swelling of brain tissue and internal bleeding, including retinal hemorrhages in the left eye. Medical personnel testified that a significant amount of force was required to cause the depressed skull fracture Terrell suffered. Medical personnel also testified that Terrell would experience long term effects from his injuries, including a loss of vision and mental retardation.

Based on the evidence at the hearing concerning aggravation and mitigation, the Circuit Court of Cook County sentenced Johnson to a term of imprisonment of twenty-six years.

Cisero filed a direct appeal from his conviction and sentence to the Illinois Appellate Court, First Judicial District. While on appeal, his appellate counsel filed a motion to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious issues

warranting appeal. See Resp.'s Answer Ex. A. Johnson filed a response to appellate counsel's motion to withdraw, raising the following issues: (1) the arresting officers used coercive tactics and failed to advise Johnson of his right to counsel under Miranda; (2) his statements were involuntary; (3) the State failed to prove guilt beyond a reasonable doubt; (4) ineffective assistance of counsel; (5) the trial court coerced him into pleading guilty; (6) his sentence was based on fabricated evidence of a prior conviction; (7) the trial court failed to consider his potential for rehabilitation; and (8) the infant's injuries were not permanent. See Resp.'s Answer Ex. B. The Illinois Appellate Court granted appellate counsel's motion to withdraw, and on May 31, 2000, affirmed Johnson's sentence and conviction. See Resp.'s Answer Ex. C.

Johnson then filed a petition for leave to appeal to the Illinois Supreme Court, raising the same issues as raised before the Illinois Appellate Court. See Resp.'s Answer Ex. D. On January 29, 2001, the Illinois Supreme Court denied Johnson's petition for leave to appeal. See Resp.'s Answer, Ex. E.

Johnson filed his petition seeking a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, in the federal district court on February 4, 2002, within the one-year deadline provided by 28 U.S.C. § 2244(d)(1).[3] In his petition, Johnson raised the following issues, which were raised before both the Illinois Appellate Court and Illinois Supreme Court: (1) his sentence was based on fabricated evidence of a prior conviction; (2) the arresting officers used coercive tactics and failed to advise Johnson of his right to counsel under Miranda; (3) ineffective assistance of counsel; (4) the

---

[3] In his petition, Johnson states that his petition was "filed timely under 'Houston v. Lack'." Johnson § 2254 Pet., at 1. In Houston v. Lack, 487 U.S. 266, 276 (1988), the Supreme Court held that a prisoner files his notice of appeal at the time he delivers it to prison authorities for forwarding to the court. The Seventh Circuit has assumed, without deciding, that the Houston "mailbox rule" extends to other *pro se* prisoner filings, including habeas petitions. See Jones v. Bertrand, 171 F.3d 499, 501-02 (7th Cir. 1999) (applying Houston's "mailbox rule" to a petition for habeas corpus).

infant's injuries were not permanent; and (5) the trial court coerced him into pleading guilty. On April 26, 2002, Respondent filed an answer to the § 2254 petition, arguing that Johnson's claims are procedurally defaulted or not cognizable on habeas review.

## II. ANALYSIS

### A. *Standard of Decision*

Johnson's petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. The statute states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is *contrary to* clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court's decision is an *unreasonable application* of clearly established Supreme Court law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should

not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002); see also Schultz v. Page, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.").

Before reviewing the Illinois courts' decisions, however, the court must determine whether Johnson fairly presented his federal claims to the state courts. Section 2254 requires a habeas petitioner to exhaust the remedies available in state court prior to pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). Any claim not presented to the state's highest court is deemed procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (indicating that "a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process").

In addition to exhausting the remedies available in state court, a habeas petitioner is procedurally barred from raising claims in a federal habeas court that he did not raise in the state court proceedings. See O'Sullivan, 526 U.S. at 848 (holding that a petitioner's failure to present three claims to the Illinois Supreme Court for discretionary review resulted in a procedural default of those claims). Fair presentment of a constitutional claim requires a habeas petitioner to present both the operative facts and the controlling legal principles to the state court before bringing the claims to a federal habeas court. Cf. Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999) (discussing exhaustion of claim) (citing Picard v. Connor, 404 U.S. 270, 277 (1971)). Thus, a habeas petitioner procedurally defaults, or waives, any claim raised for the first time in federal court.

Also, federal habeas courts cannot review claims that the state court has disposed of on state law grounds. See Stewart v. Smith, 536 U.S. 846, 860 (2002); see also Lambrix v. Singletary, 520 U.S. 518, 523-24 (1997) (noting that where "the state law determination is sufficient to sustain the decree, any opinion . . . on the federal question would be purely advisory") (citing Herb v. Pitcairn, 324 U.S. 117, 125-26 (1945)). Put another way, federal habeas relief is not available if the state court decision rests on state law that "is independent of the federal question and adequate to support the judgment." See Coleman v. Thompson, 501 U.S. 722, 729 (1991). For example, waiver under state law is an independent and adequate state law ground for dismissal that can preclude federal habeas relief. Thus, when a state court determines that a habeas petitioner waives a claim in state court, that waiver is an independent and adequate state law determination that bars federal habeas relief. See Harris v. Reed, 489 U.S. 255, 258 (1989) (citing Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)); see also Wright v. Walls, 288 F.3d 937, 947 (7th Cir. 2002) (waiver is an independent and adequate state ground in Illinois); Patrasso v. Nelson, 121 F.3d 297, 301-02 (7th Cir. 1997) (comparing waiver and res judicata under Illinois law, and the consequences of each on subsequent federal habeas review). However, for waiver to bar federal habeas review, the last state court to consider the question must have "actually relied on procedural default as the basis for its decision." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). If that is not so, the merits of the issue are preserved for federal habeas review. See id.

A federal court may not grant habeas relief on a defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 450-52 (2000); Coleman, 501 U.S. at 750;

7

Anderson v. Cowen, 227 F.3d 893, 899 (7th Cir. 2000).

## B. *Johnson's Arguments*

### 1. *Procedurally Defaulted Claims*

The Illinois Appellate Court reviewed Johnson's claims of Miranda violations, ineffective assistance of counsel, and that the trial court coerced him into pleading guilty, finding that, under Illinois law, he had waived such claims by failing to include them in his post-trial motion. See Resp.'s Answer, Ex. C (citing Ill. S.Ct. R. 604(d)). Because waiver is an independent and adequate state ground and Johnson offers no explanation for this procedural default, the court cannot review these specific claims. See Stewart, 536 U.S. at 860; Wright, 288 F.3d at 947 (waiver is an independent and adequate state ground in Illinois).

Further, Johnson does not attempt to establish cause and prejudice for failing to raise these claims in his post-trial motion in the Circuit Court of Cook County so as to allow the court to review these claims. See Edwards, 529 U.S. at 450-52. As such, the court is prohibited from considering the merits of Johnson's claim unless he can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice. See id.; see also Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) ("The fundamental-miscarriage-of-justice exception applies only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned.") (quoting Schlup v. Delo, 513 U.S. 298 (1995)). Similarly, Johnson makes no claim that failure to review his federal claim will result in a fundamental miscarriage of justice. Therefore, the court is prohibited from considering the merits of these claims.

## 2. Claims Raising No Constitutional Issue

The remaining claims raised in Johnson's petition are not cognizable under § 2254, which requires that petitioner be "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). These claims relates to the sentence imposed by the trial court, and do not raise any Constitutional issues.

"As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1994) (citing Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980)). Johnson pled guilty to the offense of aggravated battery of a child, a class X felony under Illinois law. See 720 Ill. Comp. Stat. 5/12-4.3 (West 1997). Johnson received a sentence of twenty-six years, which is within the statutory range of six to thirty years. See 730 Ill. Comp. Stat. 5/5-8-1(a)(3) (West 1997). In his petition, Johnson simply disagrees with the sentence he received and the trial court's finding concerning the extent of the infant's injuries. Johnson does not allege a violation of a Constitutional right, and as such, his claims are not cognizable by way of federal habeas corpus review.

Even if the court were to liberally construe Johnson's claims to raise an Eighth Amendment argument that his sentence was grossly disproportionate to the crime, "'in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion.'" Henry v. Page, 223 F.3d 477, 482 (7th Cir. 2000) (quoting United States v. Vasquez, 966 F.2d 254, 261 (7th Cir. 1992)). The sentence in this case was within the boundaries established by the Illinois legislature, and nothing in this case justifies an exception to the rule of limited review of state sentencing determinations; therefore, these claims are not cognizable in a habeas petition.

## III. CONCLUSION

For the foregoing reasons, Gregory Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 9-16-04